IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM T. MASON | § § § | |
| Plaintiff, | § § | |
| VS. | § § | NO. 3-07-CV-1757-O |
| CITY OF DALLAS, TEXAS | § § | |
| Defendant. | § § | |

**FINDINGS AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This *pro se* civil rights action has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference dated July 2, 2008. After reviewing the pleadings and briefs submitted by the parties, the court *sua sponte* determines that plaintiff's claims are barred by res judicata and should be summarily dismissed with prejudice.

I.

In September 2005, plaintiff was removed by security guards from the Central Dallas Public Library for allegedly causing a disturbance. That action prompted plaintiff to file three different lawsuits against the City of Dallas and its private security firm. The first case was filed in Dallas federal court on January 9, 2006. ("*Mason I*"). Nearly two years later, plaintiff filed the instant case in the San Antonio Division of the Western District of Texas. The case was transferred to this court on October 15, 2007. ("*Mason II*"). A third case, filed in the Texarkana Division of the Eastern District of Texas on August 21, 2007, also was transferred to this court. ("*Mason III*"). In all three actions, plaintiff sought and obtained leave to proceed *in forma pauperis*.

Unaware of the other cases brought by plaintiff challenging his removal from the public library, the magistrate judge authorized the clerk to issue process to the City in *Mason II*. *See* Order, 11/2/07. In January 2008, another judge in this district held a bench trial in *Mason I*. After considering the evidence, the court found that neither the City nor its private security firm deprived plaintiff of his constitutional rights and dismissed his claims with prejudice. *Mason v. Ruiz Protective Servs., et al.*, No. 3-06-CV-0047-K, op. at 18-19 (N.D. Tex. Jun. 24, 2008).[1] In light of the disposition of *Mason I*, the court now determines that *Mason II* is barred by res judicata.

II.

A federal district court has a continuing duty to dismiss a case filed without prepayment of fees whenever it appears that the action fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B). In order to state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nevertheless, dismissal is proper "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991), *quoting Baton Rouge Building & Construction Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986). When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim also is appropriate. *Kansa Reinsurance Co. v. Congressional Mortgage Corp. of Texas*, 20 F.3d 1362, 2366 (5th Cir. 1994); *see also Mowbray v.*

---

[1] Shortly after the court dismissed plaintiff's claims in *Mason I*, the presiding judge in *Mason III* summarily dismissed that case as duplicative of the earlier action. *Mason v. City of Dallas*, No. 3-08-CV-0677-B, 2008 WL 2669395 (N.D. Tex. Jul. 3, 2008).

*Cameron Co.*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 122 S.Ct. 1912 (2002), *citing Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (permitting district court to raise issue of res judicata *sua sponte* in the interest of judicial economy where both the prior action and current case were brought in courts of the same district).

A.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005), *cert. denied*, 126 S.Ct. 1662 (2006). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*, *see also Ellis v. Amex Life Insurance Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co., Inc.*,

482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

All four requirements of res judicata are met here. This is the second of three lawsuits filed by plaintiff against the City challenging his removal from the Central Dallas Public Library. The first-filed case, *Mason I*, was dismissed on the merits by a final judgment rendered by a court of competent jurisdiction. Even if plaintiff does not assert identical claims against the City in the instant case, it is clear that both *Mason I* and *Mason II* arise out of the "same nucleus of operative facts." Consequently, plaintiff's claims are barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 2209, 60 L.Ed.2d 767 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

B.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Brewer v. Cockrell*, No. 3-03-CV-0768-P, 2003 WL 21448362 at *2 (N.D. Tex. May 5, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 21488150 (N.D. Tex. May 15, 2003), *quoting Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally,*

*McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex. 1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Plaintiff has filed no less than three lawsuits against the City challenging his removal from the Central Dallas Public Library. Two of those cases were filed in other districts in a transparent apparent attempt to circumvent the venue rules, harass the City, and avoid summary dismissal. In view of this conduct, plaintiff should be warned that any future lawsuits filed against the City, or its employees, agents, and representatives, challenging his removal from Central Dallas Public Library in September 2005, may result in the imposition of sanctions, including an order barring him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The court also should warn plaintiff that any future lawsuits filed against the City of Dallas, or its employees, agents, and representatives, challenging his removal from Central Dallas Public Library in September 2005, may result in the imposition of sanctions, including an order barring him from filing any civil actions without paying the required filing fee or obtaining prior authorization from a district judge or magistrate judge. In view of the recommended disposition of this case and the sanctions warning issued to plaintiff, the City is urged to consider withdrawing its counterclaim for costs and attorney's fees under 42 U.S.C. § 1988 so the court can enter a final judgment. The City shall notify the court in writing whether it will withdraw its counterclaim within 10 days after this recommendation is adopted by the district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 25, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE